DIST. TOWNSHIP OF UNION v. IND. DIST. OF GREENE.

1. **School District**: LIMITS OF. The school law of this state contemplates that school districts shall coincide in boundary with civil townships. Section 1797 of the Code provides the only exception to this rule.

2. ———: INDEPENDENT: FORMATION OF. No such restriction exists upon the formation of independent districts, which may be created from two or more civil townships, or parts of the same, situated in adjoining counties.

*Appeal from Floyd Circuit Court.*

FRIDAY, JUNE 18.

ON the 30th day of December, 1874, the plaintiff presented to R. G. Reiniger, Judge of Floyd Circuit Court, a petition, stating its cause of action as follows:

"That about the 11th day of March, 1874, the Directors of the District township of Coldwater, in Butler county, Iowa, proceeded to lay off and organize the Independent District of Greene, including the village of Greene, in Coldwater township, Butler county, Iowa. That said directors of Coldwater

township, Butler county, laid out and included in said Independent District the south ¾ of east ½ of section 35, and the south ¾ of section 36, and in township 94, range 17, west of the fifth principal meridian, which said lands were then a part of the District township of Union, Floyd county, Iowa.

That said Independent District, when organized, demanded of the Board of Supervisors of Floyd county, Iowa, that they levy on said above described real estate a school tax, for and in favor of said Independent District, and that no school tax should be levied thereon for plaintiff. That plaintiff had filed the regular demand with said board, for the levy of a school tax on said lands.

That said Board of Supervisors of Floyd county refused to levy a tax on said lands in favor of plaintiff, and levied a tax thereon in favor of defendant.

That said proceedings of the directors of Coldwater, and Independent District of Greene, and of said Board of Supervisors of Floyd county were void. That plaintiff was never notified of or gave its consent to any acts or proceedings of the directors of the District township of Coldwater, or the citizens of the Independent District of Greene, or of its officers after organization in annexing said territory or any part thereof, or in incorporating it into the Independent District of Greene. That said territory is still a part of plaintiff. That the treasurer of Floyd county is about to collect said tax, and pay the same over to defendant. That if said tax is collected and paid to the defendant, plaintiff will lose it. That plaintiff provided good and convenient school facilities for the persons residing on said territory, and had erected and was, and is, maintaining a good school within about 80 rods of the north line of said territory.

That the taking of said territory from plaintiff would necessitate great expense and inconvenience in changing the boundaries of its sub-districts, and in changing the location of school houses in said sub-district. Attaches a plat showing the location of defendant's territory, and alleges that said plat, with marginal explanations shows the true location of the village of Greene, and the land taken from Floyd

county and annexed, and the adjoining territory, and alleges that said territory so taken from plaintiff, and annexed to the Independent District of Greene, is not contiguous territory to the village of Greene."

The plat attached shows that the village of Greene is located about one half mile from the north line of Butler county, and that the territory in dispute extends to the south line of Floyd, the adjoining county. On the 30th day of December, 1874, the judge issued an injunction, restraining the treasurer of Floyd county from paying to defendant the taxes collected. At the January Term, 1875, of said court, the defendant demurred to the petition upon the ground that the facts stated do not entitle plaintiff to the relief demanded. The court sustained the demurrer, dissolved the injunction, and dismissed the petition. Plaintiff appeals.

*Starr, Patterson & Harrison*, for appellant.

*Pratt & Root*, for appellee.

Day, J.—The claim of appellant is that the Board of Directors of the District township of Coldwater, Butler county, had no right, in laying off the boundaries of the Independent District of Greene, to incorporate into it territory in another county, without the consent or concurrence of the school district township, or other school authorities in the other county.

The school law evidently contemplates that school districts shall coincide in boundary with the civil townships. Sec. 1713 of the Code of 1873 provides: "Each civil township, now or hereafter organized * * * * is hereby declared a school district for all the purposes of this chapter, subject to the provisions hereinafter made." The only exception which we are aware of to this requirement is created by section 1797 of the Code, as follows: " In cases where, by reason of streams or other natural obstacles, any portion of the inhabitants of any school district cannot, in the opinion of the county superintendent, with reasonable facility enjoy the advantages of any school in their township, the said county superintendent,

1. SCHOOL district: limits of.

with the consent of the Board of Directors of such district as may be affected thereby, may attach such part of said townships to an adjoining township, and the order therefor shall be transmitted to the secretary of each district, and be by him recorded in his records, and the proper entry made on his plat of the district." No such limitation, however, is placed upon the organization of independent districts. Section 1800 of the Code provides: * "Any city or town containing not less than three hundred inhabitants within its limits, may be constituted a separate school district, and territory contiguous to such a city or town may be included with it as a part of said separate district in the manner hereinafter provided."

The only restrictions here placed upon the organization of independent districts are that the city or town so organizing shall contain not less than three hundred inhabit-

2. ——: independent: formation of. ants, and that the included territory shall lie contiguous. The legislature evidently recognized the fact that cities and towns may be, and in fact often are, situated upon the line between counties, partly in each. And it was not intended to deny to towns so situated the benefits of an organization as an independent school district. Section 1805 of the Code clearly contemplates that independent school districts will sometimes be formed of parts of adjoining counties. It is as follows: "In case such district is formed of parts of two or more civil townships, in the same or adjoining counties, the duty of giving the notice shall devolve upon the Board of Directors of the townships in which a majority of the legal voters of the contemplated district reside."

In the *Independent School District of Granville v. Board of Supervisors*, 25 Iowa, 305, the court, referring to provisions of the laws of 1862 and 1866, substantially the same as those now in force, say: "Appellants insist that the contiguous territory must be taken from the same township in which the city, town or sub-district is situated, or if not, it can only include territory in another township, forming, before such independent organization by reason of natural obstacles or otherwise, a part of such sub-district. It is also claimed that the boundaries should have been fixed by the concurrent action

of the *two* townships. In neither of these views can we concur."

If, then, an independent district can be formed out of parts of two townships, not before forming an independent organization, and without the concurrent act of the two townships, when they are situated in the same county, we are unable to see why the same thing may not be done when the two parts of townships are situated in different counties, for no greater restriction is imposed in the one case than in the other. Appellant refers to section 1812 of the Code, and insists that it contains the only conditions when and prescribes the only mode in which, an independent district can be formed of territory embraced in two counties. In this position we cannot concur. Section 1812 applies to the single case where under the laws of the state heretofore in force, school districts were formed of portions of two counties, and provides that steps may be taken for the organization of an independent district, upon the written request of five legal voters residing in portions of the territory in each county. The only thing that can be inferred from this section is that when these conditions exist the independent district must be formed in the manner in this section prescribed. It contains no express or implied provision that no independent district shall be formed of parts of two counties, except when these conditions exist.

Appellant says that a hundred illustrations might be made of the abuses and entanglements which would probably arise from the establishment of the rule contended for by the appellee. But the effect upon the inhabitants of the respective townships is the same, whether they are situated in the same or in different counties. And it would not be difficult to furnish illustrations of the inconveniences and hardships which would attend the construction contended for by appellant, in cases where towns and cities are situated upon or near to the line between two counties.

We feel constrained to hold that the court rightly sustained the demurrer, and that the judgment should be

AFFIRMED.