LARGE V. THE DISTRICT TOWNSHIP OF WASHINGTON ET AL.

1. **School District**: BOUNDARIES: REPEAL OF STATUTES. The revision of the school laws in the Code of 1873 had the effect to repeal all prior statutes on the subject not incorporated therein. Under the provisions of the Code property can only be taxed for school purposes by the district township in which it is geographically situated, unless it has been detached for causes specified in section 1797.

*Appeal from Clinton Circuit Court.*

THURSDAY, JUNE 10.

THE plaintiff alleges that he owns real estate and personal property situated thereon; that the real estate is, and for twenty years has been, situated in, and a part of, the civil township of De Witt, and has not been set-off into the district township of Washington by reason of any streams or other natural obstacles. That the board of supervisors have levied upon said real and personal property, for the year 1878, a tax of fifteen mills on the dollar for school-house purposes in the district township of Washington. The petition alleges that the property in question is not subject to taxation for the purpose of erecting school-houses in the district township of Washington, and prays that the levy be declared illegal and void, and that the treasurer be enjoined from enforcing it. To the petition the following answer was filed:

"That in the year 1856 a subdistrict was formed out of a part of the civil township of DeWitt and of the civil township of Washington, and that said subdistrict has been ever since the formation of the district township of Washingon known as sub district No. 8 of said district township of Washington, and that said subdistrict as so formed includes the land set out and described in plaintiff's petition; that said land is in the geographical township of Washington, but in the civil township of DeWitt; that in the year 1856 a school-house was built in said subdistrict, which school-house remained

until the year 1878 when it was replaced by a new school-house, to pay for which the tax in question was levied; that said school-houses erected in the year 1856 and again in the year 1878 are in the civil township of Washington.

"That the subdistrict, so formed in the year 1856 out of the civil townships of Washington and DeWitt, was not so formed by reason of any streams or other natural obstacles, and no action has been taken by the county superintendent or the directors of either the district township of Washington or of DeWitt to set off the land described in plaintiff's petition as a part of the district township of Washington. Wherefore the defendants ask judgment for costs."

To this answer the plaintiff demurred as follows:

"The fact that in the year 1856 the estate described in plaintiff's petition, together with certain real estate in Washington township, were formed into a subdistrict, and a school-house built in said subdistrict upon the land in Washington township, which remained till the year 1878, and the other facts alleged in said answer constitute no defense to the action of plaintiff, because the legislature subsequent to the year 1877 passed an act, or acts, making the boundaries of all district townships conform to the boundaries of civil townships."

The court sustained this demurrer. The defendants elected to stand upon their answer, and the court rendered a judgment in favor of the plaintiff, enjoining the collection of the tax. The defendants appeal.

*Cotton & Wolfe,* for appellants.

*Merrell & Howat,* for appellee.

DAY, J.—The legislation bearing upon the question presented is as follows: In 1858 the general assembly passed an act for the public instruction of the State of Iowa. Section one of this act provides: "That each civil township in the several counties of this State is hereby declared a school district, for all the purposes of this

1. SCHOOL district : boundaries : repeal of statutes.

act, the boundaries of said townships being the boundaries of said school district, and every township hereafter laid out and organized, a school district, and such district as at present organized, shall become a subdistrict for the purpose hereinafter provided." Acts of Seventh General Assembly, chapter 52, section 1. This was followed by an act of The Board of Education of the State of Iowa, passed December 24, 1859. Revision of 1860, sections 2022–2091. The provisions of this act need not be specifically referred to. This was followed, in 1862, by "An act to amend and consolidate an act passed by the board of education, December 24, 1859." See laws Ninth General Assembly, chapter 172. Section 1 of this act provides: "That each civil township that is now, or may be hereafter, organized in the several counties of this State, is hereby declared a school district, for all the purposes of this act, and each subdistrict, as now organized, shall continue such, subject to the provisions hereinafter made." Section 29 of this act provides that the board of directors shall divide their respective townships into subdistricts, such as justice, equity and the interests of the people require. Section 78 of this act is as follows: "In all cases when a school district, as constituted at the time of the taking effect of an act entitled 'An act for the Public Instruction of the State of Iowa,' approved March 12, 1858, and formed of a part of two or more civil townships in the same or adjoining counties, had a school-house erected, which said house had not been destroyed, removed or abandoned, said district, as at that time constituted, shall be and remain a subdistrict in, and form a part of, the district township in which such school-house is situated, for voting, taxation, enumeration of children, distribution of money, and all other school purposes, as fully as though said subdistrict were all included within the township in which the school-house is situated. And the boundaries of such subdistrict shall not be changed, except with the concurrence of the boards of directors of the townships interested. Provided, that upon the written application of two-thirds of the electors

residing upon the territory within the township in which the school-house is not situated, to the respective board of directors, or when said school-house has been removed, or said territory is uninhabited, it shall remain under the jurisdiction of and form a part of the district township to which it geographically belongs; and any tax which has been levied on said territory for the construction of a school-house at any other site than the one originally occupied shall be refunded to the district township to which said territory reverts, for the construction of a school-house in the subdistrict in which said subdistrict may subsequently be included; and the respective boards of directors shall, in either case, divide their districts in accordance with the provisions of this section."

This act was amended by chapter 142, laws of 1866. Section 16 thereof provides: "Section 29, of chapter 172, of the acts of the Ninth General Assembly is hereby amended by adding thereto the following, viz: Provided further, that in cases where, by reason of streams or other natural obstacles any portion of the inhabitants of any school district townships cannot, in the opinion of the county superintendent, with reasonable facility, enjoy the advantages of any school in their township, the said county superintendent, with the consent of the board of directors of such district township as may be affected thereby, may attach such part of said township to an adjoining township, and erect a new subdistrict with part of the said adjoining township. Section 78 of the act of 1862, above quoted, provides for the continuance of subdistricts which existed on the 12th of March, 1858, when school-houses had been erected and were existing therein, although such sub-districts were formed of parts of two or more civil townships. This provision was not incorporated into the Code of 1873. Section 47 of the Code provides: "All public and general statutes passed prior to the present session of the general assembly, and all public and special acts, the subjects whereof are revised in this Code, or which are repugnant to the provisions thereof, are hereby repealed, subject to the

limitations and with the exceptions herein expressed." The effect of the revision of the school laws is, we think, to repeal all provisions not contained in the Code. There is now no provision exempting subdistricts from the requirement that they shall be co-terminous with the district township, except that contained in section 16, chapter 143, laws of 1866, section 1797 of the Code.

It follows that the demurrer was properly sustained.

AFFIRMED.