THE DISTRICT TOWNSHIP OF TROY v. THE DISTRICT TOWN-SHIP OF DOYLE.

53 667
78 555

1. **School District**: BOUNDARIES: STATUTE. Prior to the enactment of section 16, chapter 143, laws of 1866 (Code, § 1797), there was no authority to attach a portion of one township to another for school purposes, and the curative portion of such act applies only to cases where it is shown that the attempted attachment was made for the causes enumerated in such section.

*Appeal from Clarke Circuit Court.*

THURSDAY, JUNE 10.

THE plaintiff in this action claimed that on the 19th day of April, 1862, the board of directors of Troy and Doyle townships detached certain lands named in the petition from Doyle township and annexed them to Troy township for school purposes, and that afterwards certain taxes were levied in said territory and collected by the treasurer, and by him paid to the defendant and by it appropriated. This action is brought for the recovery of the amount of said taxes for the years 1869 to 1875, both inclusive. Trial was had to the court and the plaintiff's petition was dismissed. The plaintiff appeals.

*McIntire Bros.*, for appellant.

*M. L. Temple*, for appellee.

DAY, J.—I.    The plaintiff claims that the boards of directors of both Doyle and Troy townships consented to a transfer of the territory in question from Doyle to Troy township, and that they neglected to have any record made of their action.    The only record which appears is on the books of Doyle township, of date April 19, 1862, as follows:   "On motion of J. Rilea sections 1, 2 and 3, and north half of sections 10 and 11, should be attached to Troy township for school purposes."   It is admitted that the lands in question were assessed in Doyle township for the years 1862 to 1875, both inclusive; that the levy was made in favor of Doyle township, and the taxes were paid to Doyle township.

1. SCHOOL district: boundaries: statute.

Section 2022 of Revision provides:   "Each civil township that is now or may be hereafter organized in the several counties of this State is hereby declared a school district for all the purposes of this act."   Prior to the enactment of section 16, chapter 143, laws of 1866, there was no authority to attach parts of one township to another for school purposes. See *District Township of Union v. Independent District of Greene*, 41 Iowa, 30.   The act of the board of directors was unauthorized and is void.

II.    It is claimed, however, that if the act of the boards was unauthorized at the time, it is cured by section 16, chapter 143, laws of 1866.   This section provides as follows:   "That in cases where, by reason of streams or other natural obstacles, any portion of the inhabitants of any school district township cannot, in the opinion of the county superintendent, with reasonable facility, enjoy the advantages of any school in their township, the said county superintendent, with the consent of the board of directors of such district townships as may be affected thereby, may attach such part of said township to an adjoining township and erect a new subdistrict with part of the said adjoining township, and the order erecting the same shall be transmitted to the township district clerk in each district, and by him recorded in his records

of subdistricts, and the proper entry thereof made on his plat of subdistricts, and such order shall designate the township district to which the new subdistrict shall be attached and all subdistricts heretofore formed, conforming substantially to the principles above expressed, are hereby declared to be legal and as valid as if formed under this provision." This section authorizes the transfer of territory only in cases where, by reason of streams or natural obstructions, the inhabitants of a township cannot enjoy the advantages of a school. It is to a case of transfer of territory for such reasons, that the curative-portion of the act applies. There is no evidence that any natural obstructions existed in this case, making a transfer proper.

III. It is claimed, however, that there is a legal presumption that the boards acted regularly and correctly, and that the burden of proof is upon the defendant to show that there were not such natural obstructions. Whatever may be the rule when the boards of directors act under a law conferring upon them authority in the premises, we are clearly of the opinion that there can be no presumption that they have acted in conformity with a law not at the time enacted.

IV. It is further claimed that the boards, having acquiesced in the transfer for a period of thirteen years, are estopped to deny the legality of the transfer. A sufficient answer to this position is that the boards have not so acquiesced. It is admitted that the defendant, for the whole period, levied and collected taxes upon the territory in question.

We deem it unnecessary to notice, *seriatim*, the other positions assumed by plaintiff in argument. We are satisfied that the judgment of the court below is correct.

AFFIRMED.