DISTRICT TOWNSHIP OF HONEY CREEK v. FLOETE, COUNTY
TREASURER.

1. **District Township:** TERRITORY IN OTHER TOWNSHIP: RIGHT TO
   TAXES ARISING FROM. Where one of the subdistricts of a district town-
   ship embraced territory in another township and county, and taxes for
   the contingent and teachers' fund had been levied upon such territory
   and paid into the treasury of the county in which it lay, and the treas-
   urer of such county also held certain money apportioned to said territory
   out of the temporary school fund of said county, *held* that the money
   thus in the hands of the treasurer belonged to the district township to
   which the territory was attached, and for the support of whose school
   the taxes were levied and paid and the money apportioned, and that
   the treasurer, refusing to pay said money to said district township upon
   the proper warrants therefor, could be compelled by *mandamus* to do so.

2. ———: RESTORATION OF ATTCHED TERRITORY: TAKES EFFECT WHEN:
   APPORTIONMENT OF FUNDS. Where there has been an agreement for
   the restoration to a district township of detached territory, in the ab-
   sence of a stipulation to the contrary, it will be held to take effect, un-
   der section 1796 of the Code, or, if that does not apply, according to the
   general scope and intent of the school law, on the first Monday of March
   after the agreement has been entered into; and the taxes collected and
   moneys appropriated for the support of the school of the detached terri-
   tory up to the time of the taking effect of the restoration, are payable
   to the district township which supported the school, notwithstanding
   the warrants therefor are not presented and payment demanded until
   after the restoration has been perfected.

*Appeal from Clayton Circuit Court.*

FRIDAY, JUNE 16.

ACTION OF MANDAMUS. The plaintiff is situate in Delaware
county and the defendant is treasurer of Clayton county.
The petition states that for twenty years preceding 1880
one of the subdistricts of plaintiff embraced certain territory
in Lodomillo township, Clayton county, and that the school
in said subdistrict was under the control of plaintiff; that
in September, 1879, by the action of the respective boards of
directors of plaintiff, and the district township of Lodomillo,
said territory was restored to the latter; that in 1877, 1878,

and 1879, certain taxes were levied on said territory for con-
tingent and teachers' fund which has been collected and are in
the hands of defendant; that an order was drawn prior to
the commencement of this action, signed by the president
and secretary of plaintiff, directed to the defendant, requir-
ing him to pay the money so in his hands to plaintiff's
treasurer, and that defendant upon demand being made there-
for refused to pay said money; that in September, 1878,
and 1879, and on the first Monday in April, 1880, there was
apportioned to said plaintiff for said subdistrict on the basis
of enumeration of scholars in the territory of said subdistrict,
in said Lodomillo township, of the temporary school fund of
Clayton county, by its auditor, certain other moneys which
are in the hands of the defendant; that immediately after said
apportionments said auditor notified plaintiff thereof, and ac-
companied the same with warrants for the money aforesaid,
which were duly signed by the president and secretary of the
plaintiff and payment thereof demanded of defendant, which
was refused.  The plaintiff claims the payment of said war-
rants was an official duty which can be enforced by *man-
damus*.

The defendant admitted the money was in his hands and
that he had refused to pay the same to the plaintiff.  There
was a trial to the court on agreed statement of facts, judg-
ment for the plaintiff, and defendant appeals.

*S. K Adams* and *Murdock & Larkin*, for appellant.

*A. S. Blair*, for appellee.

Seevers, Ch. J.—The defendant pleaded "that he denies
said territory of Lodomillo township belongs, or has belonged,
to said plaintiff since on or about the year 1873,
when said territory under and by virtue of chap-
ter 9 title 12 of the Code of 1873 became a part
of the school district of Lodomillo township, and
ceased to be a part of the plaintiff, never having been attached

1. DISTRICT
township:
territory in
other town-
ship: right
to taxes
arising from.

to or set over to the plaintiff by the school superintendent of Clayton county, Iowa, on account of streams or other natural obstacles, or for any other cause whatever."

A demurrer to this portion of the answer was sustained, and it is insisted this was error. Counsel for appellant rely largely on *Large v. The District Township of Washington,* 53 Iowa, 663. In that case it was held that since the Code took effect subdistricts must be co-terminous with the township, except as provided in Code, § 1797, and that territory geographically situate in one township could not be taxed for the erection of a school-house in another township, unless it had been attached thereto in the manner, and for the purposes contemplated in the section referred to.

In the case cited it was the tax payer who complained of the illegal taxation. In the case at bar the tax payer has paid the taxes levied, and the money is in the defendant's hands and should be paid by him to the plaintiff or the district township of Lodomillo. As we understand, the defendant claims it is not his duty to pay the money to the plaintiff, because it belongs to the district township of Lodomillo. The plaintiff claims it is entitled to the money because the territory was in fact attached to it for school purposes, so treated, and the taxes levied and collected for such purposes. The presumption must be indulged, in the absence of any showing to the contrary, that children residing on said territory attended school in the district to which it in fact was attached. Now it may be a tax payer residing on said territory could not have been compelled to pay taxes levied for the erection of a school-house in the geographical limits of Honey creek township. But this does not settle the question at issue between these parties. Whether there is a material distinction between taxes levied for the erection of a shool-house, and other taxes levied for school purposes, we shall not stop to inquire. The material question to be determined is, to whom does the money belong. We think to the plaintiff, because the taxes were levied for the support of the school. The amount necessary

for this purpose must, under the statute, have been determined
by the plaintiff, by whom the school which the taxes were
levied to support, or for whose benefit the same were appor-
tioned, was in fact furnished and the expenses thereof paid.

II.   It appears from the agreed statement of facts that the
board of directors of the plaintiff and the district township
of Lodomillo concurred in and restored the terri-
tory in question to the latter in September, 1879,
but no time was fixed when such restoration should
take effect.   There is some doubt whether section
1796 of the Code applies to a case of this character. If it does
then the restoration did not take effect until March, 1880.
If it does not apply, then there is no positive statutory decla-
ration on the subject.

2. ——: res-
toration of de-
tached terri-
tory : takes ef-
fect when:
apportion-
ment of funds.

Conceding there is not, we think according to the scope
and intent of the school law, when there is no agreement to
the contrary, the restoration should not be regarded as taking
effect until the first Monday in March after the agreement had
been entered into.   Such time is the beginning of the school
year.   Taxes are then voted by the district and arrangements
then made for the school.

The Circuit Court held the plaintiff was entitled to all the
money claimed except that apportioned April 1st, 1880.   The
taxes had been levied, collected and apportioned before the
restoration took effect except as just stated.

It does not clearly appear when the warrants were drawn
and presented for payment.   It is assumed, however, by coun-
sel for.appellant this was not done until after March, 1880.
It is said it was not the duty of the defendant to pay the war-
rants at that time, because there was not then any territory
in Clayton county attached to the plaintiff, and section 1785
of the Code is relied on. .

But we think it was the duty of the defendant to pay the
money to the plaintiff because it belonged to it, and the time
of the demand made for it was not material unless because of
the lapse of time the statute of limitations had become oper-

ative, or there was something else to bar the right, other than the slight delay in making the demand that occurred in this case.

AFFIRMED.