HANCOCK *et al.* v. THE DISTRICT TOWNSHIP OF PERRY *et al.*

1. **Schools and School Districts:** MANDAMUS TO COMPEL DIRECTORS TO PROVIDE SCHOOLS. When school directors neglect and refuse to provide such school facilities to children in their district as it is their duty under the law to provide, *mandamus* is the proper remedy.

2. ———: TERRITORY DETACHED FROM CIVIL TOWNSHIPS: EFFECT OF CODE, SECTION 1713, TO RESTORE IT. Section 1713 of the Code, declaring that each civil township is " a school district for all the purposes of this chapter, subject to all the provisions hereinafter made," did not have the effect to restore to a civil township territory which was at the time of its enactment detached, and organized with the territory of another township into a school district under the laws existing prior to such enactment. Section 1798 of the Code, providing that, " where territory *has been* * * * set into an adjoining county or township for school purposes, such territories may be restored," by pursuing the course therein pointed out, is inconsistent with the theory that it was absolutely restored by section 1713,—both sections being a part of the same enactment,. and each being entitled to have force and effect in the interpretation.

3. **Statutes:** REPEAL: EFFECT: SCHOOL DISTRICTS. In considering the effect of the Code in restoring to civil townships territory previously detached for school purposes, the following language is quoted with approbation: " When statutes are repealed by acts which substantially retain the provisions of the old laws, the latter are held not to have been destroyed or interrupted in their binding force. In practical operation and effect, they are rather to be considered a continuance and modification of old laws, than as an abrogation of the old and the re-enactment of new ones."

*Appeal from Davis District Court.*—HON. CHARLES D. LEGGETT, Judge.

FILED, OCTOBER 18, 1889.

ACTION of *mandamus*. The facts are stated in the opinion.

*Payne & Eichelberger*, for appellants.

*S. S. Carruthers*, for appellees.

ROBINSON, J.—The plaintiffs are residents and tax-payers of the township of Perry, in the county of Davis. The defendants are the district township of Perry and its board of directors. Plaintiffs reside upon sections 5 and 6, in township 69 north, of range 13 west, which constitute a part of the civil township of Perry. Seventeen children, over the age of five, and under the age of twenty-one, years, reside upon these sections. There is no schoolhouse in the township of Perry within two and one-half miles of the center of said sections. The defendants refuse to recognize them as constituting any part of the district township of Perry, and refuse to provide a school for the children residing thereon. Plaintiffs ask that defendants be commanded to recognize said sections as forming a part of the district township of Perry, to organize them as a subdistrict, or to make them a part of a subdistrict, and to provide a school for the children aforesaid. The action was tried to the court, and an order was granted as demanded by plaintiffs. The defendants appeal.

I. It is contended by appellants that the action of *mandamus* is not the proper means for obtaining the relief sought by plaintiffs; that two-thirds of the electors residing upon the territory in controversy should have applied to the defendant directors for the relief demanded, or application should have been made to the boards of directors of the district townships interested. If the claims of appellees in regard to the facts of this case, and in regard to the law applicable to the territorial formation of district townships, be correct, then the two sections in question now constitute a part of the district township of Perry, and it is the duty of its board of directors to give substantially the relief asked by plaintiffs. That being true, the action of *mandamus* furnishes the only adequate remedy.

1. SCHOOLS and school districts: mandamus to compel directors to provide schools.

*Benjamin v. District Tp.*, 50 Iowa, 648; *Perkins v. Board of Directors*, 56 Iowa, 476.

II. In the year 1853 the territory in controversy, and certain territory in the township of Lick Creek,

<div style="margin-left:2em">2. ——: territory detached from civil townships: effect of Code, section 1713, to restore it.</div>

were formed into a school-district by the school-fund commissioner of Davis county, by virtue of the provisions of section 1106 of the Code of 1851. A schoolhouse was built, soon after the formation of the district, on a site in Lick Creek township. A school has been maintained therein since that time, and the boundaries of the district have remained as originally fixed, unless they have been changed by statute. It is contended by appellees that chapter 52 of the Laws of 1858 and the Code of 1873 had the effect to attach the territory in controversy to the district township of Perry. This is denied by appellants. It is undoubtedly true that it is the policy of our law to require the boundaries of civil and district townships to coincide, where the convenience of the inhabitants will permit. One of the chief objects which was designed to be accomplished by the act of 1858, above cited, was the adoption of the district township system; but whether section 1 of that act had the effect to transfer the land in question to the district township of Perry we need not determine. The district, as formed in the year 1853, was in existence when that act took effect, and was within the provisions of section 2084 of the Revision of 1860, and section 78, chapter 172 of the Laws of 1862. If it was not before a part of the district township of Lick Creek, it became a subdistrict of that district township by virtue of those provisions. The evidence shows quite satisfactorily, and it does not appear to be contradicted, that all but a small part of section 5, and all of section 6, in the township of Perry, was separated from the district south by a stream called the "Chequest," which formed a natural obstacle at times difficult, if not impossible, for children to cross; and that the said tracts were originally attached to the territory north, for that reason. We

do not understand that any claim to the contrary is made. That being true, the district so formed was within the purview of the legalizing clause of section 16, chapter 143, Laws, 1866, and was thereby declared to be a legal subdistrict.

But it is insisted that even if the district, as originally founded, was established and confirmed as a subdistrict by the act of the board of education of 1859, as found in section 2084 of the Revision of 1860 and the Acts of 1862 and 1866, cited, yet the Code of 1873 had the effect to restore the territory in question to the district township of Perry. Whether it was so restored or not is the question we are really called upon to determine. The provisions of the Code which we need to examine are as follows. "Sec. 1713. Each civil township now or hereafter organized, and each independent school district organized as such prior to the taking effect of this Code, is hereby declared a school-district for all the purposes of this chapter, subject to the provisions hereinafter made." "Sec. 1797. In cases where, by reason of streams or other natural obstacles, any portion of the inhabitants of any school-district cannot, in the opinion of the county superintendent, with reasonable facility enjoy the advantages of any school in their township, the said county superintendent, with the consent of the board of directors of such district as may be affected thereby, may attach such part of said township to an adjoining township, and the order therefor shall be transmitted to the secretary of each district, and be by him recorded in his records, and the proper entry made on his plat of the district. Sec. 1798. In all cases where territory has been or may be set into an adjoining county or township for school purposes, such territory may be restored by the concurrence of the respective boards of directors; but, on the written application of two-thirds of the electors residing upon the territory within the township in which the schoolhouse is not situated, the said boards shall restore the territory to the district in which it geographically belongs." We have omitted from the last section amendments made

thereto since the adoption of the Code, as not material to our present purpose.

It is a familiar rule that a statute should be so construed, when practicable, as to give force and effect to all its provisions. If it be true that section 1713 of the Code had the effect to divide all subdistricts which were formed from territory belonging to two or more townships, then section 1798, so far as it relates to cases in which territory of one township had been set into an adjoining township for school purposes prior to the taking effect of the Code, was without effect, and the words "has been, or," are mere surplusage. There is nothing to indicate that section 1713 was designed to have the effect claimed for it by appellees. It is in terms subject to other provisions of the Code, among which are the sections we have quoted. It has been the general policy of the state at all times to provide for such districts as would best serve the interests and convenience of the people. Some of the provisions of law in regard to the formation of districts from the territory of different civil townships which formerly existed have been repealed; but section 1797 provides for a case where the general policy of the state in regard to boundary lines is made to yield to the convenience of the people. If, however, the claim of appellees be well founded, districts formed in substantial compliance with the provisions of that section, under similar provisions of law, were divided by the taking effect of the Code. That such a result would have caused much confusion, and would have made a reorganization of many districts, by virtue of section 1797, necessary, is evident; and no possible benefit to compensate for the confusion and labor of the change is suggested.

It is urged that the various laws to which we have referred, enacted prior to 1873, were revised, and, when not incorporated therein, repealed, by the Code. It must be admitted, however, that districts like the one in question were valid from 1860 to the taking effect of the Code. If they ceased to exist by virtue of the act of 1858,

3. STATUTES: repeal: effect: school districts.

they were re-created by the act of the board of education of 1859, the Revision of 1860, and the Acts of 1862 and 1866. The curative portion of section 16 of the act of 1866 was omitted from the Code, it is true; but in other respects the law as it existed in 1866, so far as it relates to the question in controversy, was incorporated in substance in the Code. "When statutes are repealed by acts which substantially retain the provisions of the old laws, the latter are held not to have been destroyed or interrupted in their binding force. 'In practical operation and effect, they are rather to be considered as a continuance and modification of old laws, than as an abrogation of those old, and the re-enactment of new, ones.'" *United Hebrew Association v. Benshimol*, 130 Mass. 327. In the case cited, it was held that the rights of corporations, organized under a statute which had been repealed without reservation, were preserved by the repealing statute, which substantially re-enacted the provisions of the first statute under which the organization had been made. Applying the rule of that case to this, we conclude that the Code of 1873 was not designed to affect the territory of districts or subdistricts formed from territory situate in different civil townships, as contemplated by section 16 of the act of 1866, and, consequently, that the territory in dispute belongs with the territory in Lick Creek township, to which it was originally attached for school purposes. The question we now determine was not involved in the case of *Large v. District Tp.*, 53 Iowa, 663. The territory in dispute in that case had not been set off by reason of any streams or other natural obstacles. This case is also readily distinguishable from that of *District Tp. of Troy v. District Tp.*, 53 Iowa, 667. It follows, from what we have said, that the territory in controversy does not belong to the district township of Perry, and that it can be restored to it only by pursuing one of the methods provided by section 1798 of the Code. It does not appear that defendants have neglected to perform any duty; hence plaintiffs are not entitled to the relief asked. The judgment of the district court is therefore

REVERSED.