### THE DISTRICT TOWNSHIP OF MAGNOLIA v. THE INDEPENDENT DISTRICT OF BOYER.

1. **School Districts:** TERRITORY IN TWO TOWNSHIPS: EFFECT OF CODE OF 1873. The provision of the Code of 1873 (sec. 1713), that each civil township is a school district, did not have the effect to restore to a civil township, for school purposes, territory which, at the time of its enactment, was detached and organized with the territory of another township into a school district, under the laws previously in force. (*Hancock v. Ind. Dist. of Perry*, 78 Iowa, 550, *followed.*)

2. ———: RECOVERY OF TAXES WRONGFULLY COLLECTED: STATUTE OF LIMITATIONS. An action by one school district against another for the recovery of fifteen years' taxes wrongfully collected from territory belonging to the plaintiff, where the fact was not discovered by plaintiff until a short time before the action was begun, but there was no fraudulent concealment on the part of defendant, is not taken out of the statute of limitations on the ground of the recent discovery of the right of action, nor on the ground that the action is upon an open account.

*Appeal from Harrison District Court.*—HON. C. H. LEWIS, Judge.

FILED, JUNE 4, 1890.

DEFENDANT demurred to plaintiff's petition as amended, on the ground that the facts stated do not entitle the plaintiff to the relief demanded. The

demurrer being sustained, and plaintiff electing to stand upon the petition as amended, judgment was entered dismissing the petition, and against plaintiff for costs, from which plaintiff appeals

*H. H. Roadifer*, for appellant.

*S. H. Cochran*, for appellee.

GIVEN, J.—I. The petition, as amended, shows that sections 5 and 6 of Jefferson township were formerly part of the civil township of Magnolia, and about the year 1855 were organized into a school district, with other parts of Magnolia township, by the school-fund commissioners, and has ever since been maintained as such under the control of plaintiff; that said sections are separated from the other parts of Jefferson township by the Boyer river, a natural obstruction such as is contemplated in section 1797 of the Code; that about the year 1876 the district township of Jefferson was organized into an independent district not including said sections, and that ever since defendant has disowned said territory, and claimed that it was a part of the plaintiff district township; that by mutual consent said sections were permitted to remain as part of plaintiff district township, and plaintiff has controlled said district, maintained school therein, and from year to year, for the last fifteen years, paid defendant for tuition of scholars residing on said sections that attended school in defendant district. It is alleged that during the last fifteen years defendant has collected and converted to its own use taxes assessed and paid on said sections, and upon property therein, to the amount of fifteen hundred dollars, which belongs to plaintiff, which fact plaintiff did not discover until 1887. Plaintiff asks judgment for fifteen hundred dollars, with interest.

It will be observed that the sections from which the taxes in question were collected were legally organized as a school district, and under the jurisdiction and

1. SCHOOL districts: territory in two townships: effect of Code of 1873.

The Ind. Dist. of Boyer v. King.

control of the plaintiff. Appellee's contention is that, said sections having become a part of the civil township of Jefferson, they became a part of Boyer independent district, under the Code of 1873; that by the Code of 1873 the former organization, including these sections, was terminated; and that, ever since, said territory has been a part of defendant district. This contention is fully answered in *Hancock v. District Twp. of Perry*, 78 Iowa, 550, wherein this court held that the Code of 1873 was not designed to affect the territory of districts or subdistricts formed from territory situated in different civil townships, as contemplated by section 16 of the act of 1866. The territory in question, being legally attached to the plaintiff district township, has been and still is a part thereof. It follows that plaintiff was entitled to the tax in question.

The allegation of the petition is that defendant received and appropriated said tax, from year to year, 2. ——: recovery of taxes wrongfully collected: statute of limitations. for the last fifteen years, and that plaintiff did not discover that fact until the year 1887. This does not show a cause of action upon an open account, nor is fraudulent concealment of the cause of action alleged. The cause of action is, therefore, subject to the statute of limitations, but this does not bar the entire claim as shown in the petition as amended.

Our conclusion is that the petition shows a cause of action entitling plaintiff to the relief demanded, so far as the claim is not barred by the statute of limitations, and, therefore, the demurrer should have been overruled.

REVERSED.