Q. W. RUSSELL, *et al.*, v. THE DISTRICT TOWNSHIP OF CLEVELAND, *et al.*, Appellants.

**Construction of Statute:** SCHOOLS. Code, section 1713, by which it was enacted that each civil township, and each independent district theretofore organized, should constitute a school district, had the effect of dividing sub-districts then existing across township lines, except those so organized because of natural obstacles, under Acts 1866, chapter 143, section 16, which provision was retained as section 1797 of the Code.

*Appeal from Davis District Court.*—HON. H. C. TRAVERSE, Judge.

THURSDAY, APRIL 9, 1896.

ACTION in equity to restrain the building of a schoolhouse. From an order of the district court granting a temporary injunction as prayed, the defendants appeal.—*Affirmed.*

*Ellsworth Rominger* and *John F. Scarborough* for appellants.

*Eichelberger & Taylor* for appellees.

ROBINSON, J.—The order in controversy is based on facts, shown by the pleadings and affidavits, which are substantially as follows: In the year 1855, a sub-district was organized, by due authority, which included territory in Bloomfield (now Cleveland) township, and in Drakeville township, in Davis county. The territory thus organized, is known in the record as "Sub-district Number One, in the District Township of Cleveland, Davis County, Iowa." A schoolhouse was erected in the sub-district during

the year in which it was organized, on a site in Bloomfield township. Two years later the schoolhouse was moved to a new site, in the same township. In the year 1870, that building was sold and removed, and a new schoolhouse erected on the same site, and is still in use. At a meeting of the electors of the sub-district, held on the first Monday of March, in the year 1893, it was voted to raise the sum of four hundred dollars on the taxable property of the district, for the purpose of building a new schoolhouse. That action was not certified to the district township meeting, nor was it ratified, or any tax voted by that meeting; but the board of directors of the district township has taken action preliminary to the erection of a schoolhouse in the sub-district, to cost not more than four hundred dollars, and has advertised for bids. This action is brought to restrain the board from opening bids, and from building a schoolhouse. The plaintiffs claim that section 1713 of the Code had the effect to divide the sub-district, and separate from it all the territory in the township of Drakeville; that, notwithstanding that fact, electors of that township participated in the sub-district meeting specified; and that, in consequence, the action taken was illegal. The trial court found this claim to be well founded. On a former submission of this cause, an opinion was filed, which reversed that order, but a petition for a rehearing was filed and sustained, and the cause is again submitted for our determination — Iowa, —— (62 N. W. Rep. 661).

Several questions are raised by the pleadings, but only one is presented by the arguments, and that is stated by the appellant to be "whether a district formed of parts of two civil townships is valid, since the enactment of the Code, where such district was not so formed because of natural obstacles." It is admitted that the sub-district was legal when organized, and

we are not required to determine the effect upon it of the enactment of the Code. Section 1713, of the Code, is as follows: "Each civil township, now or hereafter organized, and each independent school district organized as such prior to the taking effect of this Code, is hereby declared a school district for all the purposes of this chapter, subject to the provisions hereinafter made." Among the provisions referred to is that contained in section 1797, for attaching territory of one township to that of another, for school purposes, "in cases where, by reason of streams or other natural obstacles, any portion of the inhabitants of any school district cannot, in the opinion of the county superintendent, with reasonable facility enjoy the advantages of any school in their township." The original of that provision is found in section 16, of chapter 143, of the acts of 1866, and it was said in *Hancock v. District Township of Perry*, 78 Iowa, 550 (43 N. W. Rep. 527), that the Code of 1873, was not designed to affect the territory of districts or sub-districts formed from territory situated in different civil townships, as contemplated by that provision. See, also, *District Township of Magnolia v. Independent District of Boyer*, 80 Iowa, 495 (45 N. W. Rep. 907). But it is not claimed that it has any application to the sub-division in controversy. It was said in *District Township of Union v. Independent Dist. of Greene*, 41 Iowa, 30, that the school law "contemplates that school districts shall coincide in boundary with the civil townships. * * * The only exception which we are aware of, to this requirement, is created by section 1797 of the Code," setting out the provisions to which we have already referred. In *Large v. District Township of Washington*, 53 Iowa, 663 (6 N. W. Rep. 1), it was said that the revision of the school laws, made by the Code, had the effect to repeal all provisions not therein contained, and that "there is

now no provision exempting sub-districts from the requirement that they shall be co-terminous with the district township, except that contained in section 16, chapter 143, Laws 1866 (section 1797 of the Code)." That case is in point, and the language quoted is applicable to this case. The appellants have not called our attention to any provision of the law which makes this case an exception to the general rule which section 1713 was designed to establish. The case of *Hancock v. District Township of Perry, supra,* is relied upon as sustaining a contrary conclusion, but it does not. It related to the effect the Code had on sub-districts of the character contemplated by section 1797, and what was said in the opinion had reference to districts and sub-districts of that kind, and is in harmony with the rule announced in *Large v. District Township of Washington, supra,* to which we adhere. It follows that the order of the district court is right, and it is AFFIRMED.