The Independent School District of the Town of Kelly, Story County, Iowa, Plaintiff and Appellant, v. The School Twp. of Washington, Story County, Ia., Defendant and Appellant.

**Schools:** TAXES: PAYMENT TO WRONG DISTRICT: RECOVERY. Where
1   the supervisors levied school taxes upon land in one district at a rate applicable to an adjoining district, and the treasurer erroneously paid the tax thus collected to the adjoining district, the district in which the land was situated was entitled to recover the same from the other district in an action for money had and received, notwithstanding the fact that taxpayers might have complained of the erroneous levy and payment of the tax.

**Pleadings:** MOTIONS: REVERSIBLE ERROR. Where plaintiff responded
2   to rulings for more specific statement and to strike portions of the

petition, and the amended petition presented all the material facts necessary for determination of the action, no reversible error resulted from the rulings.

*Appeal from Story District Court.*—HON. C. G. LEE, Judge.

TUESDAY, NOVEMBER 11, 1913.

ACTION to recover school money paid by the treasurer of the county to the defendant by mistake; the plaintiff alleging that the money so paid to the defendant was the proceeds of taxes levied upon property in the plaintiff district. *Reversed.*

*Ole O. Roe* and *E. M. McCall,* for appellant.

*J. R. Larson* and *H. E. Hadley,* for appellee.

GAYNOR, J.—At the time of the sustaining of the demurrer to plaintiff's petition, its petition presented the following facts:

That it is a school corporation duly organized under the laws of Iowa, and that it has been so organized ever since the year 1900. That the defendant is also a school corporation duly organized under the laws of the state of Iowa and was so organized at the time of and prior to the organization of the plaintiff corporation. That the plaintiff corporation is composed of the following described territory, to wit: The S. ¾ of sections 31 and 32, and the W. ½ of section 33, all in township 83 north, range 24 west of the 5th P. M., Iowa (located in Washington township, Story county, Iowa), also all of the N. W. ¼ of section 4 and the N. ½ of sections 5 and 6, all in township 82 north, range 24 west of the 5th P. M., Iowa (located in Palestine township, Story county, Iowa). That the territory described in paragraph 3 hereof, comprising the plaintiff district, has been the territory of which plaintiff district has been composed ever since its organization in the year 1900. That beginning with the year 1901, and continuing up to and during the years 1902, 1903, 1904, 1905, 1906, 1907, and 1908, the defendant herein erro-

neously and wrongfully collected, had, received, and used from the treasurer of Story county, Iowa, certain school taxes levied upon the property belonging to plaintiff district and paid by persons and corporations who had property subject to taxation therein; an itemized statement of the taxes so erroneously and wrongfully paid by the treasurer of Story county, Iowa, to the defendant herein, and which were erroneously and wrongfully received, had, and used by the defendant, and which belong to plaintiff, being hereto attached and made a part of this petition. That the plaintiff herein did not discover that the county treasurer had erroneously paid to the defendant or that the defendant had erroneously and wrongfully collected, received, had, and used certain taxes which belonged to the plaintiff until or about the 31st day of March, 1909. That on or about the 31st day of March, 1909, as soon as the plaintiff herein discovered that certain of the taxes belonging to it and levied upon the property within its territory had been paid to defendant, it made a verbal demand of defendant for the repayment of said taxes and also made and presented a verbal claim to the defendant for the sum of $368.56, that being the amount of the taxes so erroneously and wrongfully paid to defendant, but that the defendant neglected and refused to audit and allow said claim and neglected and refused to repay to plaintiff the amount of said claim or any part thereof. That on the 29th day of May, 1911, the plaintiff herein presented to the defendant a written claim and demand for the said sum, to wit, $368.56, together with legal interest from and after March 25, 1909, a copy of which claim is hereto attached and made a part hereof, but that the defendant has neglected and refused, and still refuses, to audit and allow or pay said claim. Wherefore, and by reason of the premises, plaintiff asks judgment against the defendant herein for the sum of $368.56, together with interest thereon at the rate of 6 per cent. from and after the 25th day of March, 1909, and plaintiff further asks that it may be adjudged and decreed that the various payments made by the county treasurer of Story county, Iowa, to the defendant herein of the sums of money and at the times set out in Exhibit A were erroneous and made by the said county treasurer by mistake, and that the defendant in receiving, taking possession of, and using said moneys did so erroneously and wrongfully and should return same to the plaintiff, the rightful owner thereof, and plaintiff asks for such other and fur-

ther relief as may be just and equitable in the premises and for costs of suit.

Upon motion of defendant, plaintiff amended his petition as follows:

That the amounts for which the plaintiff seeks to recover in this action were paid to the defendant on or about the third Monday of the month of January and third Monday of the month of April and third Monday of the month of July and the third Monday of the month of October in each of the years mentioned and set out in exhibit attached to the plaintiff's petition and was erroneously and wrongfully received by the defendant on said dates. That the tax claimed by this plaintiff was erroneously and wrongfully levied at the rate of levy which was levied for the defendant school township and was not the rate of levy of plaintiff district, and that the same was erroneously entered on the tax list as being the tax belonging to the defendant school township, and that such tax is erroneously in the possession of this defendant.

Thereupon the defendant filed the following demurrer:

(1) That the facts stated in said plaintiff's petition as amended do not entitle the plaintiff to the relief demanded in this: Plaintiff's petition as amended shows that the tax claimed by plaintiff was erroneously and wrongfully levied at the rate of levy which was levied for the defendant school township and was not the rate of levy of plaintiff district.

This demurrer, being submitted to the court, was sustained; and, the plaintiff electing to stand on its petition and refusing to plead further, an order was duly entered by the court dismissing plaintiff's petition, and judgment was thereupon entered against plaintiff for costs.

It appears from the pleadings and statement of counsel in argument that the plaintiff and defendant district adjoin each other; that a certain strip of land, one-half section in extent, which was and is now a part of plain-

1. SCHOOLS: taxes: payment to wrong district: recovery.

tiff's district, was erroneously considered and treated as a part of defendant's district, and accordingly the school taxes levied upon this part of plaintiff's district were, by the county treasurer, paid

to the defendant's district and received and held by it, and we gather from the record that the strip of land, upon which the taxes were levied and collected, belonging to plaintiff's district, is the S. ½ of the N. ½ of sections 31 and 32.

The demurrer admits all the facts which are well pleaded in plaintiff's petition, and, if the petition states a good cause of action against the defendant district, the demurrer was wrongfully sustained.

Section 2767 of the Code provides: "Within five days after the board has fixed the amount required for the contingent and teachers' fund, he (the secretary of the board) shall certify to the board of supervisors the amount so fixed, and at the same time shall certify the amount of school house tax voted at any regular or special meeting."

Section 2807 of the Code and section 2806 of the supplement to the Code provide in substance that the board of supervisors shall, at the time of levying taxes for county purposes, levy the tax necessary to raise the various funds authorized by law and certified to it. But, if the amount certified is in excess of that authorized by law, it shall only levy so much as is authorized.

The law, as it now stands, does not authorize the electors or the board of directors to levy taxes but simply directs the board to estimate the amount required for contingent funds and such sums as may be required for the teachers' fund, and it is made the duty of the secretary of the board to certify to the board of supervisors, within five days after the board has fixed these amounts, the amount thus fixed, and thereupon it becomes the duty of the board, at the time it levies taxes for county purposes, to levy the taxes necessary to raise this fund upon the property in the district to the extent of the amount certified. It appears that for each of the years the boards of directors of these school districts certified to the board of supervisors the amount necessary for these purposes within their districts; that the board levied a tax upon the property in the several districts for the purpose of raising the amount certified.

The per centum of tax in any district depends upon the amount necessary to be raised for that district, as certified to by the board. The amount certified must be raised from a tax upon the property within the district.

Each of these districts is a political subdivision for school purposes. Each is a legal entity. Within each is a board of directors. The money for the contingent fund and teachers' fund within each district is raised by a tax upon the land within that district. The board of directors of the district determines the amount necessary for that purpose. It does not fix the per centum of tax. That is fixed by the board of supervisors. That the board of supervisors fix the per centum greater than is necessary to raise the amount certified or less than is necessary does not destroy the right of the district to receive the tax thus raised for contingent expenses and school-teachers' fund.

It appears that, in fixing the per centum necessary to secure the amount certified, a levy upon certain of the property within plaintiff's district was other and different from that fixed and levied upon the property now in dispute. Taxpayers might complain of this within the district, but it furnishes no basis for complaint on the part of defendant district, which was in no way affected thereby. The fact that the per centum fixed for levy upon the property in controversy was the same as the per centum of levy fixed for defendant district furnishes no basis for any right, on the part of the defendant, to receive the money raised from the tax upon this property in plaintiff's district. Taxes levied and collected on the property in plaintiff's district for contingent and school-teachers' fund belongs to the district in which the land is situated. The owners of that land enjoy the benefits of the schools maintained in that district. They have no interest in the schools in the other district. They are not required to contribute to their support or maintenance. If they desire to avail themselves of the privileges of the schools in other districts, they are ordinarily required to pay for such privileges.

From the statements of the petition, it appears that the plaintiff and defendant are distinct legal entities; that the tax in controversy was levied and collected from property in the plaintiff's district; that it was levied for school purposes, for the contingent and teachers' funds; that the money collected from the levies made upon the property in plaintiff's district was, by mistake of the treasurer, paid to the defendant district. The plaintiff's district was in no way responsible, so far as this record discloses, for this mistake. The demurrer admits these facts. This is not a case where one has paid, voluntarily and without protest, taxes wrongfully assessed and collected but a case where one has received money belonging to another through mistake.

This case, in many of its features, is like the case of *District Tp. of Magnolia v. Independent District of Boyer,* 80 Iowa, 495. In that case the petition discloses the fact that certain sections in Jefferson township were formerly a part of the civil township of Magnolia, which was subsequently organized into a school district with parts of Magnolia township, and ever afterwards maintained as such, under the control of the district township of Magnolia; that afterwards Jefferson township was organized into an independent district but not including these sections, and it was alleged that during the last fifteen years the defendant township, to which these sections formerly belonged, but did not during said time belong, collected and converted to its own use taxes assessed and paid upon said sections and upon the property therein, and it is stated in that case: "It will be observed that the sections from which the taxes in question were collected were legally organized as a school district and under the jurisdiction and control of the plaintiff. Defendant's contention is that, said sections having become a part of the civil township of Jefferson, they became a part of the independent district of Boyer." The court held that this contention was not true; that these sections belonged to the plaintiff's district during the time the taxes were collected. A demurrer was filed to the petition and sustained.

The court held in that case that the plaintiff was entitled to recover, and that the demurrer was wrongfully sustained.

We think the language used in the case of *District Township of Spencer v. District Township of Riverton*, 56 Iowa, 88, is apropos to the discussion here. This was an action by the plaintiff district to recover of the defendant district certain moneys which it was claimed had been paid by the treasurer of the county from moneys belonging to the plaintiff, by reason of which defendant district received or would receive more than it was entitled to. After passing upon some preliminary questions, the court said: "We come, then, to inquire whether, as the treasurer made a mistake, the plaintiff has any equitable claim upon the defendants. In our opinion it has. The treasurer was charged by law with the duty of refunding a portion of the tax from the funds belonging to the defendants. By a mistake respecting his duty he refunded the whole from funds belonging to the plaintiff. By reason of that mistake the defendants have received, or will receive, from the treasurer more funds than they were entitled to. A court of equity, it appears to us, has the power to rectify the mistake and properly adjust the burden by compelling a contribution."

In the instant case the treasurer of the county paid to the defendant district moneys arising from taxes levied upon property in the plaintiff's district for school purposes for contingent and teachers' fund. He paid to the defendant district money arising from a source from which it had no right to receive funds. It paid to the defendant district money proceeding from property within plaintiff's district and to which the plaintiff was entitled. This was done clearly by mistake of the treasurer. Upon what the mistake rests does not appear. It may have been that he was mistaken as to which district this property legally belonged from which the tax was raised. However, in our opinion, the court has jurisdiction and power to compel the return of this money to the parties to whom it legitimately belongs, and the action was maintainable as for money had and received, and the demurrer should not have been sustained.

Some complaint is made of the rulings of the court in sustaining motions for more specific statements and to strike out certain portions of plaintiff's petition; but as plaintiff responded to all these rulings by filing an amendment to his petition, and as the petition, as amended, presents every fact material to a proper determination of the rights of the parties, we find no reversible error in this respect.

2. PLEADINGS: motions: reversible error.

We find no error in sustaining the motion to transfer to the law side of the calendar, but, for the reasons hereinbefore pointed out, the cause is *Reversed* and *Remanded*.

WEAVER, C. J., and LADD and WITHROW, JJ., concur.