INDEPENDENT SCHOOL DISTRICT No. 5 OF BIG GROVE TOWNSHIP, JOHNSON COUNTY, IOWA, Appellant, v. SOLON, IOWA, INDEPENDENT SCHOOL DISTRICT No. 8, Appellee.

**Schools:** ACTION TO RECOVER TUITION: EVIDENCE. In this action to recover tuition for pupils paid by one contiguous school district to another, the evidence is reviewed and held to require submission of the question whether defendant had received tuition from pupils in a portion of defendant district, and that it was error to direct a verdict for defendant.

**Same:** EVIDENCE: CONCLUSIONS. Evidence in the nature of a conclusion, when tending to show an ultimate fact known to the witness and material to the issue, is competent. Thus evidence as to the exact residence of certain persons with respect to the boundaries of an incorporated town was admissible.

**Same:** RECOVERY OF TUITION: MUTUAL MISTAKE. Where one school district paid tuition to another district in the mutual belief that the pupils for whom it was paid resided in the former district, it is recoverable on the ground of mutual mistake.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

MONDAY, DECEMBER 15, 1913.

ACTION to recover moneys claimed to have been paid by the plaintiff district to the defendant district as tuition due for certain pupils who attended school in defendant's district through mistake. Plaintiff claims that the pupils for whose tuition payment was made in fact resided in defendant's district at the time of the payment, and that payment was therefore wrongfully exacted of the plaintiff. *Reversed* and *Remanded.*

*F. B. Kimball* and *Milton Remley,* for appellant.

*Wade, Dutcher & Davis,* for appellee.

GAYNOR, J.—The plaintiff and defendant are independent school districts and occupy contiguous territory. It is claimed that the territory in controversy here was a part of the plaintiff district and remained such until 1882; that the town of Solon is located in defendant's district; that this town was incorporated in 1877, and at the time of its incorporation included within its corporate limits the territory now in dispute, and which was then a part of plaintiff district; that this territory in dispute remained a part of plaintiff district until 1882, when, by the Acts of the 19th General Assembly, chapter 118, it was provided: "All territory of an incorporated city or town, whether included within the original incorporation or afterwards attached thereto in accordance with the provisions of law, shall be or become a part of the independent district or districts of said city or town." By operation of this statute, this territory now in dispute became a part of defendant independent district; that is, this territory was within the corporate limits of the town of Solon at

the time this act was passed, and, though then a part of plaintiff district, it became, by operation of law, a part of the defendant district.

Plaintiff claims that during the year 1902, up to and including the year 1908, and for each of said years, the plaintiff paid certain money to the defendant as tuition due the defendant for the schooling of children claimed by the defendant to have their residence in plaintiff's district; that some of the children for whom tuition was paid by the plaintiff were not residents of the plaintiff's district, but resided upon this disputed territory, which, it is claimed, in the year 1882 became a part of the defendant district by operation of the statute aforesaid.

It is conceded by the defendant that on the 20th day of September, 1902, defendant received from the plaintiff district, for tuition for the school year 1901 and 1902, the sum

1. SCHOOLS: action to recover tuition: evidence.

of $188.33; that on the 14th day of September, 1903, defendant received from the plaintiff district, for tuition for the school year 1902 and 1903, the sum of $161.36; that on September 24, 1904, defendant received from the plaintiff district, as tuition for the school year 1903 and 1904, the sum of $182.56, and on April 29, 1905, defendant received from the plaintiff district, for the school year 1900 and 1901, the sum of $139.60; that on September 18, 1905, defendant received from the plaintiff district, as tuition for the school year 1904 and 1905, the sum of $188.37; that defendant received on December 15, 1906, from the plaintiff district, for tuition for the school year 1905 and 1906, the sum of $225.05.

It is conceded that the tuition charged by the defendant district for pupils outside the district were at the following rates: For the principal room, $2.50 a month. For the intermediate room, first and second primaries, $1.50 a month.

There is evidence that the only children outside of the disputed territory in plaintiff's district that attended school

in defendant district were Paul Brock, George Ulch, and Elsie Ulch.

There is evidence that the territory in which plaintiff claims the children resided for whom it paid tuition to the defendant during these years was in fact a part of the defendant district.

It appears from the evidence that the defendant made requisitions upon the plaintiff for tuition as follows:

Independent District No. 5, Oak Grove, Dr, to Solon Independent District No. 8.

For tuition on the following named pupils for the school year commencing September 12, 1904, and ending May 19, 1905:

Adda Beuter, Clyde Beuter, Alpha, Elsie, Minnie, and Josie Harmon, Mary Staskal, each charged 8 months at $1.36, $10.88, or a total for grammar room, $76.16.

Ilo and Charles Beuter, Ray Cambridge, each charged for 8 months at $1.50, $12.00.  Paul Brock charged for 7½ months at $1.50, $11.25, or a total for the intermediate room, $47.25.

Ollie Harmon, Blanch Staskal, Ray Cambridge, George Ulch, Lloyd Kent, Herbert and Jennie Kent, each charged for 8 months at $1.16, $9.28, or a total for primary room, $64.96.

For the year 1905 and 1906:

Grammar room:  Josie, Minnie and Elsie Harmon, Mary Staskal, Ilo and Chas. Beuter, each charged for 9 months at $1.61, $14.49.  Adda Beuter charged for 4½ months at $1.61, $6.80, or a total for said room of $93.74.

Intermediate room:  Paul Brock, Ray Cambridge, and Blanch Staskal, each charged for 9 months at $1.53, $13.77, or a total for said room, $41.31.

Primary room:  Ray Cambridge, Ollie Harmon, Lloyd, Herbert, and Jennie, and Ada Kent, George and Elsie Ulch, each charged for 9 months at $1.25, $11.25, or a total of $90.00

—which it seems were paid by the plaintiff.  It will be noticed that the total amount of the bill for 1904 and 1905 is $188.37, and for the years 1905 and 1906 it totals $225.05, and that these figures correspond exactly with the amount which the

defendant concedes the plaintiff paid to the defendant for these years.

There is evidence that none of the children above enumerated as having attended defendant's school from plaintiff's district during the years 1904 and 1905 and 1905 and 1906, and the tuition for which was paid by the plaintiff to the defendant, resided in the plaintiff district except Paul Brock, George and Elsie Ulch.

After the introduction of the bills aforesaid, defendant made the following admission of record: That the two bills for tuition for the years 1904 and 1905 and 1905 and 1906 were rendered by the secretary of the defendant district to the plaintiff district for tuition for pupils therein named, and that the pupils named therein resided in section 25 in the territory bounded on the west and southwest by the west line of the right of way of the railroad, and on the east by the public highway from Solon to Iowa City, and south of the section line between sections 24 and 25, during the time for which said bills were rendered, except Paul Brock, George and Elsie Ulch.

Thereupon the plaintiff offered and introduced Exhibit C as follows:

---

Name of Taxpayer; Residence—Sec. 25 within Solon.

---

Randolph or Mary Beauter.
Edward or Mary Cambridge.
Jos. Fiala Est., or Fiala Bros.
O. D. Harmon.
Mrs. A. G. Kent.
Mary E. Kent.
Sam. A. Kent.
Geo. W. Kent.
Jos. Pauba (Elev'r and Grain).
Mary M. Randall (Real Est.).
Jos. Staskal.
Solon Gilt-Edge Creamery.
Jos. Staskal, Jr.

Name of Taxpayer; Residence—Sec. 25 within Solon.

H. G. Sheppard.
Geo. Williams.
David Walters.
Quincy Adams.
Hofer & Stahle.
Wesley Lorence, Sr.
Joseph Lenoch.
Jerry S. Minick.
Frank Mika.
Alex. G. Kent.

Assessed or Taxable Value (¼ the Actual Value) of Real
Estate and Per. Property Added (1901-1907, inc.)

Under the above heading the original exhibit shows oppo-
site the names of these persons, the sum of said values in each
year of the said seven years placed in adjoining columns.

Am't of School Taxes Paid as a Part of the Solon, Iowa, Con-
solidated Tax, According to Solon School Dist. Teachers'
and Contingent Fund Levies, Added.

1901 to 1907, inc.
Under the above heading, the original exhibit shows oppo-
site the name of each of these persons, the sum in dollars and
cents of the tax they actually paid, computed on the basis of
said combined levies as follows:
1901 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11.7 mills
1902 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14.3   "
1903 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13.    "
1904 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13.4   "
1905 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15.9   "
1906 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15.    "
1907 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10.6   "
For each of said years placed in adjoining columns.

The total sum of said several individual tax payments
being shown to be as follows for the different years, to wit:
1901, $7.95; 1902, $22.07; 1903, $34.41; 1904, $28.73; 1905,

$41.75; 1906, $35.78; and 1907, $26.81. Grand total for all seven years, $197.50.

Thereupon the defendant made the following admission: "Exhibit C is a statement of the assessment of the property in the disputed territory, being the territory described by Mr. Kimball in his question upon yesterday, and the amount of taxes, as tabulated there, is the amount paid to the Solon district." It is further admitted that the taxes levied and referred to in Exhibit C are taxes levied upon property which was, during each of said years, referred to in said exhibit, assessed by the assessor of Solon.

The question referred to in said admission as having been asked by Mr. Kimball on yesterday, was asked to our Mr. Martin, who was called as a witness for the plaintiff, and is as follows:

Q. You may tell the jury whether you are acquainted and have knowledge of the persons and property situated in that portion of the town of Solon which lies between the west line of the right of way of the railroad on the west and the east line of the wagon road running in a northwesterly direction in the town of Solon on the east, and bounded by section line between sections 24 and 25 on the north. A. I am acquainted with all them, and know about where they live. Q. Now please give the jury names of those who reside in that portion which I have described in my question since the year 1900 so far as you are able to. A. Alexander Kent, A. G. Kent and his two sons, Samule and George Kent, Joseph Staskal. About that time there was a family of Ed. Cambridge, Mrs. Cambridge, formerly Mrs. Beuter, also Mrs. Randall in that part of the territory you have described; but that was at the time not divided into lots. It was simply included in the assessment of Solon. Mrs. Randall is Mary Randall, and still resides in the town of Solon. Q. Now, Mr. Martin, I have already described the territory; state to the jury, without further reference to the territory, who has property or resides in that territory. A. O. D. Harmon, Mr. and Mrs. A. G. Kent, Mary E., Samule A., and George W. Kent. Q. Further, you may state where Edward Cambridge resided prior to his marriage with Mary Beuter. A. It was in this same territory.

Thereupon counsel for the plaintiff presented a list of names to the witness, and propounded to him the following question:

Q. Look at this list of names and tell me who the parents of these children are. A. Adda Beuter is the daughter of Mary Beuter, afterwards Mrs. Cambridge. Clyde Beuter, Ilo Beuter, and Clara Beuter are the children of Mary Beuter. Roy Cambridge is the son of Ed. Cambridge. Alpha, Elsie, Minnie, and Josie Harmon are children of O. D. Harmon, who was railroad agent at Solon. Mary Staskal was the daughter of Joseph Staskal. Lloyd, Herbert, Jennie, Ada, Mark, and Alexander Kent are the children of the Kents I have previously testified to as living in the territory you have described. I have been a member of the school board of the defendant district.

Thereupon the plaintiff introduced the teachers' daily school registers which contained the entries made by the teachers in the defendant district school in Solon, showing the attendance of pupils daily and weekly through the months of each year, commencing with September and ending with May, beginning with the year 1900 and ending with the year 1906, upon which registers the following names appeared, and in which registers is shown the months and years during that period in which these pupils were in attendance upon the Solon school: Clyde Beuter, Adda Beuter, Ilo Beuter, Chas. Beuter, Alpha Harmon, Elsie Harmon, Minnie Harmon, Josie Harmon, Ollie Harmon, Roy Cambridge, Ray Cambridge, Blanch Staskal, Mary Staskal, Lloyd Kent, Jennie Kent, Herbert Kent, Elsie Brock, Paul Brock, and George Ulch.

It will be noticed that the parents of these children resided in the territory described in the questions propounded to Mr. Martin, and which the defendant admits is the territory in dispute.

From the foregoing, it is apparent that there was evidence before the jury from which (conceding them to be fairly good mathematicians) they could have determined that the defend-

ant district had received from the plaintiff district, during some of the years claimed, tuition for pupils that did not reside in the plaintiff district, and for which the plaintiff would therefore not be liable. There is evidence from which the jury might have found that the pupils for which tuition was charged resided in the defendant district, in that part which was formerly in the plaintiff district, but which, by operation of law, became a part of the defendant district, and we think, therefore, the court erred in directing a verdict for the defendant as to all those counts in which the plaintiff sought to recover therefor.

Complaint is made of the action of the court in striking out answers to certain questions propounded by the plaintiff to its witnesses. By these questions the plaintiff sought to show, by witnesses who claimed to know, where the boundaries of the incorporated town of Solon were, and where certain people resided with reference to these limits. Without setting out these questions and answers, we think that the court erred in excluding the testimony. While much of this testimony in a certain way savored of conclusions, it yet tended to show an ultimate fact known to the witness and material to a proper determination of the case. The rule is thus stated in Wigmore on Evidence: ''The rule which excludes testimony as to mere conclusion is both safe and salutary within its proper limits; but, if carried to an extreme of literal interpretation, it would put the ban of incompetency upon all testimony, for every assertion of fact given by an alleged eyewitness is but the assertion of a conclusion drawn by him from the fact of his senses, which may themselves be defective, and create in his mind misleading impressions. Absolute knowledge is not, and never has been, the test of a witness' qualification to speak upon a given subject.'' Much of the knowledge we possess is the result of deductions made from impressions received through some of the senses.

*2. SAME: evidence: conclusions.*

It is insisted by the defendant that the action is founded

upon a mistake of law, and that therefore no cause of action arises on the part of the plaintiff as against the defendant.

3. SAME: recovery of tuition: mutual mistake.

It is not definitely shown in this case upon what theory the defendant exacted this tuition from the parents of these pupils. The jury might well have found that this arose from a mistake of fact as to the location of the parents within or without the district. If the plaintiff's contention is right, the defendant demanded this tuition, and the plaintiff paid it under mistake, a mutual mistake of both parties. The money sought to be recovered belonged to the district suing, if plaintiff's contention is right, and was in plaintiff's hands, as trustee, for the people of plaintiff's district. It had no right to pay it out, and the defendant had no right to receive it as a gift. It must rest upon some valid lawful consideration passing from one to the other. As bearing upon this question see *District Township of Magnolia v. Independent District of Boyer,* 80 Iowa, 495; *Independent District of Town of Kelly v. Dist. Twp. of Washington,* 162 Iowa, 42. See, also, as bearing upon this question, *Bank v. Reeder,* 142 Iowa, 376.

Defendant has interposed certain affirmative defenses which we do not consider because of the disposition of the case in court below.

We think the court erred in sustaining defendant's motion for a directed verdict and in rejecting testimony and, for those errors, the cause is *Reversed* and *Remanded.*

WEAVER, C. J., and DEEMER and WITHROW, JJ., concur.